IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALBERTA O'BRIEN, as Executrix of
the Estate of SHIRLEY FERGUSON,

    Plaintiff,

v.                                      Civil Action No. 5:10CV40
                                                    (STAMP)

ALLSTATE INSURANCE COMPANY,
LARRY D. POYNTER, individually,
and ED STEEN, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND;
GRANTING DEFENDANT LARRY D. POYNTER
AND DEFENDANT ED STEEN'S MOTION TO DISMISS;
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS**

I.  Procedural History

The plaintiff filed this civil action in the Circuit Court of Marshall County, West Virginia against the above-named defendants alleging violations of the West Virginia Unfair Trade Practices Act ("UTPA"), common law fraud, and civil conspiracy. The defendants then filed a notice of removal in this Court based upon diversity jurisdiction. The plaintiff then filed a motion to remand to which defendant Allstate Insurance Company ("Allstate") responded. Defendants Larry D. Poynter and Ed Steen ("adjuster defendants") filed a separate response. The plaintiff then filed a reply. In addition, Allstate and the adjuster defendants filed motions to dismiss.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction does exist. Accordingly, the plaintiff's motion for remand must be denied. Furthermore, this Court grants the adjuster defendants' motion to dismiss and grants in part and denies in part Allstate's motion to dismiss.

## II. Facts

Alberta O'Brien, as executrix of the estate of Shirley Ferguson,[1] alleges that Ferguson was injured in an automobile accident with an underinsured motorist on April 18, 1988. On March 8, 2010, she filed this action in Marshall County seeking recovery of losses or damages incurred as a result of Allstate's alleged failure to pay "stacked" underinsured motorist coverage in the amount of $150,000.00 rather than a single vehicle limit of $50,000.00. In addition to suing Allstate, the plaintiff also sued Larry Poynter and Ed Steen, nondiverse adjusters. The defendants claim fraudulent joinder as to the adjuster defendants.

## III. Applicable Law

A. Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A

---

[1] At the time of her death, Shirley Ferguson was a citizen of West Virginia.

federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

B.  <u>Motion to Dismiss</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the

4

allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

A. Remand

In her pleadings in support of remand, the plaintiff argues that diversity jurisdiction is absent because the parties are not completely diverse. The defendants, in their responses, contend that the plaintiff fraudulently joined non-diverse defendants Poynter and Steen to defeat diversity jurisdiction.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the

5

in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against the co-defendant. Rinehart, 660 F. Supp. 2d at 1141. A non-diverse party named in the state court action may be disregarded for determining diversity of citizenship when the party's joinder is fraudulent. Mayes, 198 F.3d at 461.

Here, the defendants do not allege outright fraud in the plaintiff's pleadings. Therefore, to defeat the plaintiff's motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the

6

plaintiff's favor, the plaintiff has not alleged any possible claim against Poynter and Steen. The defendants have met this burden.

Because the plaintiff's grounds for relief are based upon West Virginia law, the Court looks to the law of that state to determine whether the adjuster defendants were fraudulently joined. The plaintiff asserts a cause of action against Poynter and Steen for civil conspiracy, common law bad faith, and violation of the UTPA.

1. Common Law Bad Faith and Violation of the UTPA

The plaintiff's UTPA and common law bad faith claims are not survivable under West Virginia law. West Virginia Code § 55-7-8a(a) provides that "[i]n addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive . . ." In 1998, the West Virginia Supreme Court of Appeals held that a statutory bad faith action does not involve property damage, personal injury, or fraud or deceit and therefore does not survive. Wilt v. State Auto. Mut. Ins. Co., 506 S.E.2d 608, 613 (W. Va. 1998). In 2009, that court extended its holding to common law bad faith actions, stating that "a common law bad faith action does not involve property damage, personal injury, or fraud or deceit." Noland v. Va. Ins. Reciprocal, 686 S.E.2d 23, 35 (W. Va. 2009). The plaintiff here "has not alleged fraud or deceit or personal injury claims, and the underlying fraud and deceit components to

7

the common-law bad faith and UTPA claims do not transform them into such claims." Martin v. State Farm Mut. Auto. Ins. Co., 2010 WL 3852337, *3 (S.D. W. Va. Sept. 30, 2010). Because the plaintiff's claims for common law bad faith and for violation of the UTPA do not survive her decedent's death, the plaintiff has failed to state a claim against Poynter and Steen for common law bad faith[2] and for violation of the UTPA.

2. Civil Conspiracy

The plaintiff's final claim against the adjuster defendants is a claim for civil conspiracy. In West Virginia, a "civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." Syl. pt. 8, Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009). The wrongful acts done by the defendants to the injury of the plaintiff, not the conspiracy, creates the cause of action. Id. A civil conspiracy "is not a per se, stand-alone cause of action." Syl. pt. 9, Id. In other words, a "conspiracy is not, itself, a tort. It is the tort, and each tort, not the conspiracy, that is actionable." Dunn, 689 S.E.2d at 269 (quoting Segall v. Hurwitz, 339 N.W.2d 333,

---

[2]Alternatively, even if the common law claim survived, the plaintiff would still have failed to state a claim for common law bad faith against the adjuster defendants because under West Virginia law, a common law bad faith cause of action does not exist against insurance adjusters because adjusters are not parties to the insurance contract. Grubbs v. Westfield Ins. Co., 430 F. Supp. 2d 563, 567 (N.D. W. Va. 2006).

8

338 (Wis. App. 1983)). The statute of limitation for a civil conspiracy claim is thus "determined by the nature of the underlying conduct on which the claim of conspiracy is based." Id. This Court finds that because civil conspiracy here is based on common law bad faith and violation of the UTPA, the claim does not survive. Because no claim against the adjuster defendant survives the death of the decedent, this Court finds for fraudulent joinder purposes that there is no possibility of recovery against the adjuster defendants.

Alternatively, the plaintiff has failed to state a valid claim for civil conspiracy because a conspiracy requires at least two persons and "a corporation can act only through its agents or employees." Cook v. Heck's Inc., 342 S.E.2d 453, 460 (W. Va. 1986). Thus, agents and employees of a corporation "cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." Id. (internal citation omitted). Accordingly, this Court finds that fraudulent joinder is present and that the plaintiff's motion to remand must be denied.

B.  Motion to Dismiss

    1.  Common Law Bad Faith, UTPA, and Civil Conspiracy

As mentioned above, the plaintiff's claims for common law bad faith, violation of the UTPA, and civil conspiracy do not survive

9

because the causes of action do not involve property damage, personal injury, or fraud or deceit. Noland, 686 S.E.2d at 34-35. Alternatively, this Court stated above that, under West Virginia law, a common law bad faith cause of action does not exist against insurance adjusters because adjusters are not parties to the insurance contract. Grubbs v. Westfield Ins. Co., 430 F. Supp. 2d 563, 567 (N.D. W. Va. 2006). This Court also stated that agents and employees of a corporation "cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." Cook, 342 S.E.2d at 460. Accordingly, this Court finds that the plaintiff has not alleged a claim for common law bad faith, violation of the UTPA, or civil conspiracy against the defendants. Because the plaintiff has brought no other cause of action against the adjuster defendants, the adjuster defendants' motion to dismiss must be granted.

 2. <u>Unjust Enrichment</u>

The plaintiff claims that defendant Allstate "did enable itself to be unjustly enriched to the extent that the Plaintiff's decedent was unaware of and therefore unable to exhaust the stacked underinsured motorist bodily injury coverage benefits." (Compl. ¶ 27.) Generally, a person who is unjustly enriched at the expense of another is required to make restitution. Restatement (First) of Restitution § 1 (1988). In West Virginia, "restitution damages

10

from a claim of unjust enrichment are measured in terms of the benefit the plaintiff conferred to the defendant." Bright v. QSP, Inc., 20 F.3d 1300, 1311 (4th Cir. 1994)(quoting Dunlap v. Hinkle, 317 S.E.2d 508, 512 (W. Va. 1984)). In addition, "a person may be unjustly enriched not only where he receives money or property but also where he otherwise receives a benefit. He receives a benefit . . . where he has saved expense or loss." Id. (quoting Prudential Ins. Co. v. Couch, 376 S.E.2d 104, 109 (W. Va. 1988)).

Allstate argues that the plaintiff's claim for unjust enrichment fails because an express contract governs the subject matter of the dispute. The plaintiff argues that this is a mischaracterization of the unjust enrichment claim. The plaintiff states that she is not alleging Allstate was unjustly enriched because it breached its contractual obligations to pay stacked motorist coverages, rather because it violated West Virginia law regarding the disclosure of pertinent policy provisions.

The plaintiff alleges that her decedent was legally entitled to recover compensatory damages from the underinsured motorist in excess of $250,000.00. The plaintiff further alleges that Allstate was charging premiums consistent with the ability of policyholders, insureds and claimants to stack underinsured motorist bodily injury coverage benefits. The question of whether Allstate received a benefit is a question of fact. LaPosta Oldsmobile, Inc. v. Gen. Motors Corp., 426 F. Supp. 2d 346, 356 (N.D. W. Va. 2006).

11

Accordingly, this Court finds that the plaintiff has sufficiently plead a cause of action for unjust enrichment to survive a motion to dismiss at this time. Therefore, this Court grants Allstate's motion to dismiss as to the UTPA, common law fraud, and civil conspiracy claims, and denies Allstate's motion to dismiss as to the unjust enrichment claim.

3. <u>Statute of Limitations</u>

An unjust enrichment claim is equitable in nature. Therefore, the principle of laches, rather than a statute of limitations, governs whether a claim may be brought. <u>Absure, Inc. v. Huffman</u>, 584 S.E.2d 507, 511 (W. Va. 2003). The parties have not briefed this issue and this Court will not address it at this time.

4. <u>Res Judicata</u>

Allstate contends that this action is barred by res judicata. West Virginia courts have defined the doctrine of res judicata as follows:

> Before the prosecution of a lawsuit may be barred on the basis of <u>res judicata</u>, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. pt. 3, <u>Lloyd's Inc. v. Lloyd</u>, 693 S.E.2d 451 (W. Va. 2010). Here, the parties dispute whether the third element is met.

Allstate contends that this action is identical to a previous action brought by the plaintiff's decedent in which Allstate contends the plaintiff's decedent specifically asserted a claim for stacked underinsured coverage, as well as a UTPA claim based on Allstate's alleged bad faith failure to pay stacked underinsured coverage. This Court does not agree. This Court agrees with the plaintiff that there is no identity of cause of action. The plaintiff's decedent could not have litigated the current action, which involves Allstate allegedly fraudulently concealing and misrepresenting policy terms in violation of West Virginia law, thereby allegedly becoming unjustly enriched. There is a possibility that the plaintiff did not know, or would not know by the exercise of reasonable diligence of the elements of a possible cause of action in this case. Therefore, it would be inappropriate for this Court to apply the doctrine of res judicata.

    5.   <u>1991 Release</u>

Allstate argues, in the alternative, that it is entitled to summary judgment as to all the plaintiff's claims based on a 1991 release. The plaintiff argues that Allstate induced the plaintiff's decedent to sign the release by active misrepresentations. The plaintiff alleges in her complaint that her decedent's signature on the release was obtained by fraud in that Allstate allegedly concealed from the plaintiff's decedent that the plaintiff's decedent was entitled to stacked underinsured

13

motorist coverage.  Allstate believes that the plaintiff's decedent had full access to the relevant policy, which allegedly did not contain anti-stacking provisions, and a plaintiff is presumed to know the law.  Allstate argues it could not have concealed the supposed legal entitlement to stacked underinsured motorist coverage from the plaintiff's decedent when she executed the settlement agreement.  "Where parties have made a settlement of their business transactions, such settlement is conclusive upon the parties thereto as the correctness thereof in the absence of accident, mistake or fraud in making the same."  Syl. pt. 1, Calwell v. Caperton's Adm'rs, 27 W. Va. 397 (1886).  The plaintiff alleges that the release was entered into because of fraud.  At this point in the case, this Court will not dismiss this action based on the 1991 release.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand (Document No. 8) is DENIED.  Defendant Larry D. Poynter and defendant Ed Steen's motion to dismiss (Document No. 6) is GRANTED and defendant Allstate Insurance Company's motion to dismiss (Document No. 5) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      December 20, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE