IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALBERTA O'BRIEN, as Executrix of
the Estate of SHIRLEY FERGUSON,

    Plaintiff,

v.                                                    Civil Action No. 5:10CV40
                                                               (STAMP)
ALLSTATE INSURANCE COMPANY,
LARRY D. POYNTER, individually,
and ED STEEN, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF AND RELIEF FROM MEMORANDUM OPINION AND ORDER
AND DENYING AS MOOT THE DEFENDANTS'
ALTERNATIVE MOTION FOR RECONSIDERATION**

I.    Background

The plaintiff filed this civil action in the Circuit Court of Marshall County, West Virginia against the above-named defendants alleging violations of the West Virginia Unfair Trade Practices Act ("UTPA"), common-law bad faith, and civil conspiracy. Alberta O'Brien, as executrix of the estate of Shirley Ferguson, alleges that Ferguson was injured in an automobile accident with an underinsured motorist on April 18, 1988 and that Allstate Insurance Company ("Allstate") allegedly failed to pay "stacked" underinsured motorist coverage in the amount of $150,000.00 rather than a single vehicle limit of $50,000.00. In addition to suing Allstate, the plaintiff also sued Larry Poynter and Ed Steen, nondiverse adjusters ("the adjuster defendants"). On December 20, 2010, this Court entered a memorandum opinion and order denying the

plaintiff's motion to remand, granting the adjuster defendants' motion to dismiss, and granting in part and denying in part defendant Allstate's motion to dismiss.

The plaintiff filed a motion for reconsideration and relief from the memorandum opinion and order. The defendants then filed an alternative motion for reconsideration, asking that if this Court granted the plaintiff's motion for reconsideration, that it also reconsider the portion of the memorandum opinion and order addressing the statute of limitations. For the reasons set forth below, this Court denies the plaintiff's motion for reconsideration and relief and denies as moot the defendants' alternative motion for reconsideration.

## II. Applicable Law

The plaintiff files her motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e)

motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. Discussion

The plaintiff filed a motion for reconsideration of and relief from the December 20, 2010 memorandum opinion and order, arguing that she specifically pled claims for common-law fraud and deceit and that the memorandum opinion and order did not mention or discuss the viability of the plaintiff's fraud and deceit claims asserted against the defendants.

The plaintiff's argument does not cause this Court to reconsider its findings. While the plaintiff has expanded her argument, she has not submitted any new evidence that would warrant altering or amending the earlier order. Furthermore, there has been no change in the controlling law since this Court issued its order, and this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

The plaintiff states that she pled an independent fraud and deceit claim in paragraphs 18, 19, and 20 of her complaint. However, in paragraph 25, the plaintiff states that "[t]he acts and omissions of the Defendants as outlined in paragraphs 14 through 24 above violated numerous provisions of the West Virginia Unfair

Trade Practices Act as well as the regulations promulgated by the Office of the West Virginia Insurance Commissioner pursuant to that act" (emphasis added). Later, in paragraph 29, the plaintiff alleges fraud and deceit as a general business practice which violates the UTPA. This Court stated in its memorandum opinion and order that the plaintiff did not allege a fraud or deceit claim and that the underlying fraud and deceit components to the common-law bad faith and UTPA claims in the plaintiff's complaint did not transform them into fraud and deceit claims. Mem. Op. & Order 7, Dec. 20, 2010 (citing Martin v. State Farm Mut. Auto. Ins. Co., 2010 WL 3852337, *3 (S.D. W. Va. Sept. 30, 2010)).

Alternatively, even if this Court had found that the plaintiff alleged a separate claim for fraud and deceit, the Federal Rules of Civil Procedure require that a plaintiff plead fraud with particularity. Fed. R. Civ. P. 9(b). In alleging a claim for fraud, a plaintiff must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal citations omitted). This Court has carefully examined the plaintiff's complaint and finds that she has not met the heightened pleading standard required by Rule 9(b). Here, the plaintiff makes only conclusory statements regarding fraud in paragraphs 18 and 19 of her complaint. As stated in the memorandum opinion and order, to survive a motion to dismiss, a

plaintiff must provide more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Because the plaintiff has failed to allege detailed factual allegations of fraud sufficient to raise a right to relief above the speculative level as to any defendant in this civil action, this Court must deny the plaintiff's motion for reconsideration. Furthermore, because this Court denies the plaintiff's motion for reconsideration, the defendants' alternative motion for reconsideration is denied as moot.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to reconsider this Court's December 20, 2010 memorandum opinion and order (Document No. 27) is DENIED and the defendants' alternative motion for reconsideration (Document No. 28) is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the counsel of record herein.

DATED:    June 17, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE